IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

REGINA HALL f/k/a REGINA GILBERT,
individually and as mother and
next friend of K.H., a minor,
J.L., a minor and N.G., a minor
and JOHN HALL,

      Plaintiffs,

v.                                                  Civil Action No. 5:10CV122
                                                                 (STAMP)

GEORGE NEALY,
GROUND TRAVEL SPECIALIST, INC.,
a foreign corporation and
ABC BUS LEASING, INC.,
a foreign corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND
AND DENYING DEFENDANTS' MOTIONS TO DISMISS**

I. Background

The plaintiffs commenced this civil action in the Circuit Court of Marshall County, West Virginia to recover damages related to a motor vehicle accident that occurred on July 5, 2008 on U.S. Route 250 in Marshall County, West Virginia. The plaintiffs allege that defendant George Nealy carelessly and negligently failed to yield the right-of-way and collided with Regina Hall's minivan while attempting to back up a tour bus. According to the plaintiffs, Regina Hall suffered serious and permanent injuries as a result of the alleged negligence of the defendants. Further, the plaintiffs contend that K.H., J.L., N.G., and John Hall have

sustained injuries, including the loss of love, society, comfort, companionship and services of Regina Hall.

Following removal of the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332 and 1446, defendant ABC Bus Leasing, Inc. ("ABC") filed a motion to dismiss. The next day, defendants George Nealy and Ground Travel Specialist, Inc. ("Ground Travel Specialist") filed a motion to dismiss and the plaintiffs filed a motion to remand. The plaintiffs then filed a response to both the defendants' motions to dismiss, to which ABC filed a reply. The defendants also filed a joint response in opposition to the plaintiffs' motion to remand, and the plaintiffs then filed a reply. Both motions to dismiss, as well as the motion to remand, are currently pending before this Court. For the reasons set forth below, the plaintiffs' motion to remand is granted and the defendants' motions to dismiss are denied without prejudice.

## II.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party

seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

III. Discussion

A. Jurisdictional Amount in Controversy

In their motion to remand, the plaintiffs contend that the defendants have failed to meet their burden of establishing that the amount in controversy exceeds $75,000.00. Specifically, the plaintiffs argue that their complaint simply requests compensatory and general damages in an amount to be awarded by a jury or the court -- they do not make a demand for an amount equal to or in excess of $75,000.00. Further, the plaintiffs contend that the defendants have made no settlement offers that would enable them to meet their burden of establishing the amount in controversy.

In response, the defendants argue that because the plaintiffs have not stipulated that they will not seek or accept more than $75,000.00 in damages, and because similar lawsuits in West Virginia have produced verdicts in excess of $75,000.00, they have satisfied their burden of proof that the amount in controversy requirement has been met.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with

3

the party seeking removal.  Mulcahey, 29 F.3d at 151.  This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  Id.

After careful consideration of the record in this case, this Court finds that the defendants have not met their burden of proof with regard to the amount in controversy.  The defendants' removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.  See Marshall v. Kimble, Civil Action No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) (citing Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1110-11 (D.N.M. 2000)).  In this case, the defendants' contention that the plaintiffs could possibly recover an award in excess of $75,000.00 is pure speculation.  This Court disagrees with the defendants' logic: the plaintiffs are not required to stipulate to damages under $75,000.00, and the verdicts of other

similar lawsuits in the state do not support removal as to this case.

Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed, $75,000.00 exclusive of interests and costs. Based upon the medical bills and records related to the accident, the cost of the Regina Hall's medical expenses totals approximately $13,000.00. Further, Regina Hall believes that she was unemployed at the time of the collision; therefore, there has been no computation made for past lost wages. Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum.

B. Federal Question

In their response to the motion to remand, the defendants assert an additional ground for removal: federal question jurisdiction under 28 U.S.C. § 1331. In support of this argument, the defendants claim that this lawsuit involves the application of 49 U.S.C. § 30106, the Graves Amendment. Specifically, the defendants argue that because the plaintiffs assert liability associated with a leased motor coach, a determination of liability in regard to an accident involving that leased motor coach requires interpretation of the Graves Amendment. Accordingly, the

defendants submit that this action arises under the Constitution of the United States and federal question jurisdiction exists.

In their reply, the plaintiffs argue that it is clear from the face of their complaint that they did not plead a federal question. According to the plaintiffs, their complaint relies entirely on state law, and the presence of a federal defense cannot act as a basis for satisfying federal question jurisdiction.

The Graves Amendment states, in pertinent part:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of rental or lease, if –
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a); see also Kersey v. Hirano, Civil No. WDQ-08-1041, 2009 WL 2151845, at *2 (D. Md. July 15, 2009). Although the Graves Amendment may bar a vicarious liability claim, the plaintiffs' complaint only alleges direct negligence claims against the defendants. Even if the plaintiffs' claims were construed as alleging vicarious liability as to ABC and/or Ground Travel Specialist, West Virginia law does not impose vicarious liability on rental car companies. Thus, because there is no West Virginia statute imposing vicarious liability upon lessors of motor

6

vehicles, the Graves Amendment can have no preemptive effect, rendering it inapplicable in this case.

Moreover, there is no indication in the Graves Amendment that Congress intended to vest exclusive jurisdiction in the federal courts over vehicle accident cases involving leasing companies. Arias v. Budget Truck Trust I, No. 09 Civ. 0774, 2009 WL 497614, at *1 (E.D. N.Y. Feb. 26, 2009). Rather, the face of the statute indicates that it may be raised as a defense against vicarious liability claims arising under state law, regardless of whether the action is brought in state or federal court. Id. "The fact that there is a federal defense to a state law claim does not mean that the state law claim is to be recast as federal." Id. In fact, "'the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Id. (quoting Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986)); see also Schmidt v. St. Clair, No. 5:07-cv-271-Oc-10GRJ, 2007 WL 4463933, at *4 (M.D. Fla. Dec. 17, 2007) ("[T]here is simply not a substantial federal interest presented in this case by the mere presence of the Graves Amendment, as a defense to the claims against these Defendants."). Because the defendants are unable to meet their burden of proof regarding the amount in controversy and have failed to allege an adequate basis for federal question jurisdiction, this case must be remanded to state court. Finally, because this Court has determined that it lacks subject

7

matter jurisdiction over this case, the defendants' motions to dismiss are denied without prejudice.

IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is GRANTED, ABC Bus Leasing, Inc.'s motion to dismiss is DENIED WITHOUT PREJUDICE, and Ground Travel Specialist, Inc. and George Nealy's motion to dismiss is DENIED WITHOUT PREJUDICE. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 24, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE